AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Virginia

| | |
|---|---|
| United States of America<br>v.<br><u>GARY OWENS, JR.</u><br>*Defendant* | )<br>)<br>)  Case No. 2:24mj86<br>)<br>) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ (1) the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ (b) an offense for which the maximum sentence is life imprisonment or death; **or**

☐ (c) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ (d) any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ (e) any felony that is not otherwise a crime of violence but involves: (i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; **and**

☐ (2) the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ (3) the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ (4) a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ (4) an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☒ (5) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III – Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district

Case 2:24-cr-00078-EWH-LRL   Document 16   Filed 07/02/24   Page 3 of 3 PageID# 78

AO 472 (Rev. 11/16) Order of Detention Pending Trial

- [ ] Significant family or other ties outside the United States
- [ ] Lack of legal status in the United States
- [ ] Subject to removal or deportation after serving any period of incarceration
- [ ] Prior failure to appear in court as ordered
- [ ] Prior attempt(s) to evade law enforcement
- [x] Use of alias(es) or false documents
- [ ] Background information unknown or unverified
- [ ] Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:
The Court stated the reasons for detention at the hearing and the record is available in the event of an appeal. First, the nature and circumstances of the offenses charged are serious. Defendant is charged in a criminal complaint with sexual exploitation of children in violation of 18 U.S.C. § 2251(a) and (e), and coercion and enticement of a minor in violation of 18 U.S.C. § 2242(b). If convicted of these offenses, the defendant faces a significant term of incarceration. Second, the weight of the evidence is substantial and allegedly includes evidence of social media chats, found on the messaging app "Kik" on the defendant's cellphone, between the defendant and multiple minors. The government proffered that a search of the defendant's phone revealed over 300 chats on the Kik app, at least 64 of which involve the defendant enticing minor boys to send him sexually explicit material. In the chats, the defendant allegedly posed as a woman, identified as Jane Doe in the complaint, to entice the minors he was communicating with to send him sexually explicit photos and videos. The Kik account that the defendant was allegedly using in the course of these text conversations was allegedly accessed from IP addresses that were linked to the defendant's residence and place of employment. The defendant also allegedly confirmed that he had access to the Kik account used in the course of these text conversations. The government further proffered that a search of the defendant's phone allegedly revealed over 900 sexually explicit images of minor males, which were concealed within an application on the defendant's phone titled "Calculator%." Within the application, the government also proffered that the sexually explicit content of the minor boys, as well as an additional 200+ sexually explicit photos and videos of Jane Doe, were allegedly found in folders labeled by the years "2019," "2020," "2021," "2022," and "2023," suggesting that the alleged conduct spans back several years. Defense counsel proffered that the defendant has significant ties to the community, no criminal record, a stable residence that he has owned with his ex-husband since 2016, and stable employment. Defense counsel further proffered that the defendant's ex-husband is willing and able to serve as third-party custodian. While the defendant has significant ties to the community, the Court is not satisfied that any set of conditions will adequately and reasonably assure the safety of the community. For these reasons, the Court concludes that pretrial detention is appropriate.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: _____07/01/2024_____          _____/s/ Robert J. Krask_____
                                    United States Magistrate Judge